Chasity HUNTER, an individual,
Plaintiff–Appellant,

v.

HOME DEPOT U.S.A, INC.,
Defendant–Appellee.

No. 06–35956.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 3, 2008.

Filed March 19, 2008.

Patty Rissberger, Esq., Crispin Employment Lawyers, Portland, OR, for Plaintiff–Appellant.

Thomas W. Sondag, Esq., David G. Hosenpud, Esq., Lane Powell, P.C., Portland, OR, for Defendant–Appellee.

Before: FERNANDEZ and BEA, Circuit Judges, and EZRA,* District Judge.

MEMORANDUM **

Chasity Hunter appeals the district court's grant of summary judgment in favor of her former employer Home Depot on her claims that: (1) Home Depot refused her request for reasonable accommodations for her disability, in violation of the

* The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and its Oregon counterpart, Or.Rev.Stat. § 659A.100 et seq.; (2) Home Depot retaliated against her for requesting reasonable accommodations by disciplining her for her tardiness and reducing her work schedule, in violation of the ADA and Oregon law; (3) Home Depot denied her request for medical leave, in violation of federal Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., and the Oregon Family Leave Act, Or.Rev.Stat. § 659A.150 et seq.; and (4) Home Depot wrongfully constructively discharged her, under Oregon Common law.[1]

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, *Schnidrig v. Columbia Mach., Inc.,* 80 F.3d 1406, 1408 (9th Cir.1996).

■ Home Depot argues that summary judgment in its favor was appropriate on Hunter's federal and state reasonable accommodation claims and family and medical leave act claims because Hunter had not been working more than 34 hours per week when she presented her doctor's note to Home Depot, and she had indicated on several occasions that she needed to work more hours for financial reasons. Therefore, Home Depot argues, Hunter was seeking to work more hours for financial reasons, which does not constitute a request for a reasonable accommodation based on a disability or a request for medical leave. We agree and affirm.

Hunter's requests for a fixed 32–34 hour per week schedule stemmed from her desire to maximize her income without affecting her social security disability benefits. Hunter has not demonstrated that her requests to be scheduled to work more hours per week were because of physical disabilities and therefore, could be interpreted as a request for a reduced work

schedule or medical leave. *See* 42 U.S.C. § 12112(a) (preventing discrimination, including failing to accommodate, "because of" an individual's disability); *see also* Or. Rev.Stat. § 659A.112.14 (same); 29 U.S.C. § 2612(a) and (b) (the federal Family Medical Leave Act gives eligible employees the right to take intermittent leave or have a reduced schedule "because of" a serious health condition); *see also* Or.Rev.Stat. § § 659A.150 et seq.

■ Hunter's retaliation claims also fail. Home Depot presented a legitimate reason for the reduction in Hunter's hours—another Home Depot store had recently opened nearby and other employees experienced a reduction of hours. Home Depot likewise presented a legitimate reason for the discipline—Hunter was tardy for work three times in one week, and the supervisor who imposed the discipline was unaware that Hunter had presented a human resources manager a doctor's note stating she could not work more than 34 hours a week. Hunter did not present evidence demonstrating that either of these reasons were a pretext for retaliation. *See Chuang v. Univ. of Cal. Davis, Bd. of Trs.,* 225 F.3d 1115, 1124 (9th Cir.2000) ("plaintiff must show that the articulated reason is pretextual either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.") (citation and internal quotation marks omitted).

Finally, Hunter's constructive discharge claim fails because the evidence presented is not sufficient to rise to the level of an objectively intolerable working environment. *See McGanty v. Staudenraus,* 321 Or. 532, 901 P.2d 841, 856–57 (1995) (in order to prove constructive discharge, the

1. Because the facts are known to the parties, we revisit them only as necessary.

plaintiff must show, *inter alia,* that the "working conditions were so intolerable that a reasonable person in the employee's position would have resigned because of them").

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.